```
IN THE UNITED STATES DISTRICT COURT
            FOR THE
   EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| DENISE DANNER, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
|     v. | )   **Case No.:** |
| | ) |
| LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES, L.P., | )   **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| | ) |
|     Defendants | )   **(Unlawful Debt Collection Practices)** |
| | ) |

## COMPLAINT

DENISE DANNER ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES, L.P. ("Defendants"):

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendants conduct business in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

6. Plaintiff is a natural person residing in Philadelphia, Pennsylvania.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant LVNV FUNDING, LLC (hereinafter "Defendant LVNV") is a national debt collection company having its principal office located at 15 South Main Street, Suite 700, in Greenville, South Carolina, 29601.

9. Defendant RESURGENT CAPITAL SERVICES, L.P. (hereinafter "Defendant RESURGENT") is a national debt collection company having its principal office located at 15 South Main Street, Suite 600, in Greenville, South Carolina, 29601.

10. Defendants acted as a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and attempted to collect a consumer debt from Plaintiff.

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**PRELIMINARY STATEMENT**

12. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. §1692 *et seq*. The FDCPA imposes civil liability on any person or entity that

violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

13. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

14. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. §1692b.

15. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692e.

**FACTUAL ALLEGATIONS**

16. At all relevant times, Defendants attempted to collect a debt related to a credit card originally issued by HSBC Bank Nevada National Association.

17. The alleged debt at issue arose out of transactions, which were primarily for personal, family or household purposes.

18. Based on information and belief, Defendant RESURGENT was acting on behalf of Defendant LVNV when contacting Plaintiff regarding the alleged debt.

19. In or around June of 2010, Defendants and/or others they retained began attempting to collect an alleged debt from Plaintiff.

20. Defendants and/or others they retained regularly and repeatedly contacted Plaintiff using automated telephone calls, despite the fact that Danner informed Defendant RESURGENT that she disputed the alleged debt.

21. On several occasions, Defendants' representatives and/or agents failed to disclose to whom the debt was owed.

22. The continuous automated calls caused Plaintiff considerable anxiety, confusion, and a sense of hopelessness.

23. On or around September 24, 2010, Plaintiff sent Defendant RESURGENT a letter indicating the alleged debt was in dispute and Defendant RESURGENT must cease and desist from any further communication. See Exhibit A, Plaintiff's September 24, 2010 letter.

15. Also in her September 24, 2010, letter Plaintiff requested validation of the alleged debt. See Exhibit A.

16. On September 27, 2010, "Claude Winestock", on behalf of Defendant, confirmed with his signature that Plaintiff's September 24, 2010 letter had been received by Defendant. See Exhibit B, USPS Signature Confirmation for Item No. 9410803699300011335988.

17. Thereafter, on or about September 29, 2010, Defendant RESURGENT sent a letter to Plaintiff seeking and demanding payment of $776.89 on behalf of Defendant LVNV. See Exhibit C, Defendant RESURGENT's September 29, 2010 letter to Plaintiff.

18. In its letter to Plaintiff, Defendant RESURGENT claimed that "validation of debt that verifies the debt" was enclosed, which was misleading and deceptive to Plaintiff as the only thing enclosed was a piece of paper titled "Validation of Debt" containing a statement, "As of the date of this communication, you owe $776.89 on Account number [with the last three digits 910] which is now owned by Defendant LVNV Funding LLC." See Exhibit C.

19. The correspondence from Defendant RESURGENT does nothing to verify that the debt allegedly owed by Plaintiff was in fact valid.

20. Upon information and belief, Defendant LVNV FUNDING, LLC, is a debt buyer in the business of purchasing debts for collection and is not the original creditor of the alleged debt in question.

21. On September 30, 2010, Defendant RESURGENT communicated with Plaintiff in regards to the alleged debt by calling her home phone from Defendant's phone number 866-464-1187; the undersigned has confirmed this number belongs to Defendant RESURGENT.

PLAINTIFF'S COMPLAINT

22. The phone call made by Defendant RESURGENT to Plaintiff on September 30, 2010 was contrary to Plaintiff's express demand contained in Plaintiffs September 24, 2010 letter to Defendant that it cease and desist all contact with Plaintiff. See Exhibit A, Plaintiff's September 24, 2010, letter to Defendant.

23. On October 4, 2010, Defendant RESURGENT communicated with Plaintiff in regards to the alleged debt by calling her home phone from Defendant RESURGENT's phone number 866-464-1187.

24. The phone call made by Defendant RESURGENT to Plaintiff on October 4, 2010 was contrary to Plaintiff's express demand contained in Plaintiff's September 24, 2010 letter to Defendant. See Exhibit A, Plaintiff's September 24, 2010, letter to Defendant.

25. On or around October 6, 2010, Defendant RESURGENT continued in its efforts to collect the alleged debt by sending Plaintiff another letter, again claiming that "validation of debt that verifies the debt" was enclosed. See Exhibit D, Defendant RESURGENT's October 6, 2010 letter.

26. In its October 6, 2010, letter to Plaintiff, Defendant RESURGENT included the same piece of paper titled "Validation of Debt" containing a statement, "As of the date of this communication, you owe $776.89 on Account number [with the last three digits 910] which is now owned by Defendant LVNV FUNDING LLC" that it sent to Plaintiff in its September 29, 2010 letter. See Exhibit D.

27. Plaintiff, in writing, disputed the validity of the alleged debt within thirty days from Defendant's initial contact. See Exhibit A, Plaintiff's September 24, 2010 letter to Defendant RESURGENT.

28. However, Defendants did not comply with Plaintiff's request for proper validation of the alleged debt.

29. After Plaintiff disputed the validly of the debt on September 24, 2010, and prior

to any proper verification of the debt from Defendants, Defendant RESURGENT, on behalf of Defendant LVNV, continued to contact Plaintiff by phone and mail in an attempt to collect the alleged debt.

30. Further, despite Plaintiff's demand that communications cease in her September 24, 2010 correspondence, Defendant RESURGENT continued to contact Plaintiff via telephone on behalf of Defendant LVNV.

## CONSTRUCTION OF APPLICABLE LAW
## THE FAIR DEBT COLLECTION PRACTICES ACT

31. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

32. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

33. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano

v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

34. In its actions to collect a disputed debt, Defendants violated the FDCPA in one or more of the following ways:

    a. Defendants violated of the FDCPA generally;

    b. Defendants violated § 1692c(c) of the FDCPA by contacting Plaintiff by phone, after receiving Plaintiff's written request to cease phone calls;

    c. Defendants violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

    d. Defendants violated § 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    e. Defendants violated § 1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

    f. Defendants violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

    h. Defendants violated § 1692g(b) of the FDCPA by failing to provide proper verification of the alleged debt, after receiving Plaintiff's written request for validation;

    i. Defendants violated § 1692g(b) of the FDCPA by contacting Plaintiff in an attempt to collect a disputed debt despite the fact that the debt had not been properly verified; and

    j. Defendants acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, DENISE DANNER, respectfully pray for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DENISE DANNER, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

| | |
|---|---|
| 1 | RESPECTFULLY SUBMITTED, |
| 2  DATED: 5\29\11 | |
| 3 | KIMMEL & SILVERMAN, P.C. |
| 4 | By: _____ |
| 5 | Amy L. Bennecoff |
| 6 | Attorney ID # 202745 |
|   | Kimmel & Silverman, P.C. |
| 7 | 30 E. Butler Pike |
|   | Ambler, PA 19002 |
| 8 | Phone: (215) 540-8888 |
|   | Fax: (877) 788-2864 |
| 9 | Email: abennecoff@creditlaw.com |

- 10 -

PLAINTIFF'S COMPLAINT