IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE DANNER, )<br>)<br>Plaintiff )<br>v. )<br>)<br>LVNV FUNDING LLC and )<br>RESURGENT CAPITAL SERVICES, )<br>L.P., )<br>)<br>Defendant | Case No.: 2:11-cv-03469-JCJ |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, LP ("Resurgent") (collectively, "Defendants"), respectfully answer the Complaint of Denise Danner ('Plaintiff") as follows:

### INTRODUCTION

1.  Defendants admit that plaintiff purports to seek redress for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), but denies any and all violations, liability and/or damages to the extent alleged in ¶ 1.

### JURISDICTION AND VENUE

2.  Defendants admit the allegations in ¶ 2 for jurisdiction purposes only.

3.  Defendants admit the allegations in ¶ 3 for personal jurisdiction purposes only.

4.  Defendants admit the allegations in ¶ 4 for venue purposes only.

5. Defendants deny the allegations in ¶ 5.

## PARTIES

6. Defendants deny the allegations in ¶ 6 for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

7. Defendants deny the allegations in ¶ 7 for lack of knowledge or information sufficient to justify a belief as to the truth thereof and as calling for a legal conclusion.

8. Defendants deny the allegations in ¶ 8.

9. Defendants admit the allegations in ¶ 9.

10. LVNV denies the allegations in ¶ 10. Resurgent admits only that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection efforts may be regulated by certain provisions of the FDCPA. Except as specifically admitted, Defendants deny the allegations in ¶ 10.

11. Defendants deny the allegations in ¶ 11 for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

## PRELIMINARY STATEMENT

12. Paragraph 12 directs no allegations toward Defendants and contains only conclusions of law to which no answer is required. To the extent an answer is necessary, Defendants deny the allegations in ¶ 12.

13. Paragraph 13 directs no allegations toward Defendants and contains only conclusions of law to which no answer is required. To the extent an answer is necessary, Defendants deny the allegations in ¶ 13.

14. Paragraph 14 directs no allegations toward Defendants and contains only conclusions of law to which no answer is required.  To the extent an answer is necessary, Defendants deny the allegations in ¶ 14.

15. Paragraph 15 directs no allegations toward Defendants and contains only conclusions of law to which no answer is required.  To the extent an answer is necessary, Defendants deny the allegations in ¶ 15.

## FACTUAL ALLEGATIONS

16. Defendants deny the allegations in ¶ 16 for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

17. Defendants deny the allegations in ¶ 17 for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

18. Defendants admit deny the allegations in ¶ 18 for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

19. Defendants deny the allegations in ¶ 19 for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

20. Defendants deny the allegations in ¶ 20.

21. Defendants deny the allegations in ¶ 21.

22. Defendants deny the allegations in ¶ 22.

23. Defendants deny the allegations in ¶ 23 for lack of knowledge or information sufficient to justify a belief as to the truth thereof except to admit that plaintiff purports to attach as Exhibit "A" a copy of September 24, 2010 letter from plaintiff, which serves as the best evidence of its contents.

15[sic]   Defendants deny the allegations in ¶ 15[sic] for lack of knowledge or information sufficient to justify a belief as to the truth thereof except to admit that plaintiff purports to attach as Exhibit "A" a copy of September 24, 2010 letter from plaintiff, which serves as the best evidence of its contents.

16[sic]   Defendants admit that plaintiff purports to attach as Exhibit "B" a copy of a UPS Signature Confirmation, but relies upon the original document as the best evidence of its contents.  Defendants otherwise deny the allegations of ¶ 16[sic].

17[sic]   Defendants admit that plaintiff purports to attach as Exhibit "C" a copy of a letter from Resurgent to plaintiff dated September 29, 2010, but relies upon the original document as the best evidence of its contents.  Defendants otherwise deny the allegations of ¶ 17[sic]

18[sic]   Exhibit "C" speaks for itself and is the best evidence of its contents.  To the extent that plaintiff states otherwise, Defendants deny the allegations in ¶ 18[sic].  Defendants deny any remaining allegations in ¶ 18[sic].

19[sic]   Defendants deny the allegations in the ¶ 19 [sic].

20[sic]   Defendants admit the allegations in ¶ 20[sic].

21[sic]   Defendants deny the allegations in ¶ 21[sic] for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

22[sic]   Defendants deny the allegations in ¶ 22 [sic].

23[sic]   Defendants deny the allegations in ¶ 23[sic] for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

24.   Defendants deny the allegations in ¶ 24.

25. Exhibit "D" speaks for itself and is the best evidence of its contents. To the extent that plaintiff states otherwise, Defendants deny the allegations in ¶ 25. Defendants deny any remaining allegations in ¶ 25.

26. Exhibit "D" speaks for itself and is the best evidence of its contents. To the extent that plaintiff states otherwise, Defendants deny the allegations in ¶ 26.

27. Defendants deny the allegations in ¶ 27.

28. Defendants deny the allegations in ¶ 28.

29. Defendants deny the allegations in ¶ 29.

30. Defendants deny the allegations in ¶ 30.

## CONSTRUCTION OF APPLICABLE LAW

## THE FAIR DEBT COLLECTION PRACTICES ACT

31. Paragraph 31 directs no allegations toward Defendants and contains only conclusions of law to which no answer is required. To the extent an answer is necessary, Defendants deny the allegations in ¶ 31.

32. Paragraph 32 directs no allegations toward Defendants and contains only conclusions of law to which no answer is required. To the extent an answer is necessary, Defendants deny the allegations in ¶ 32.

33. Paragraph 33 directs no allegations toward Defendants and contains only conclusions of law to which no answer is required. To the extent an answer is necessary, Defendants deny the allegations in ¶ 33.

## COUNT I
## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

34. Defendants deny the allegations in ¶ 34, including sub-paragraphs (a) through (j).

## PRAYER FOR RELIEF

35. Defendants deny that plaintiff is entitled to the relief sought.

## DEMAND FOR JURY TRIAL

36. The allegations in ¶ 36 are not directed toward Defendants and do not require an affirmative response. To the extent that an affirmative response is required, Defendants deny the allegations in ¶ 36.

AND NOW, in further Answer to the Complaint, Defendants aver as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint fail to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event Defendants are found to be a debt collector as defined in FDCPA, which is specifically denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of Defendants, or for whom Defendants are not responsible or liable.  In particular and without limitation, upon information and belief, the number at issue was provided to Defendants by the placing creditor with the express and/or implied warranty that plaintiff consented to and authorized calls to the number.

### FOURTH AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert one or more of the Counts contained in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead the right of set off.

### SEVENTH AFFIRMATIVE DEFENSE

The claims are subject to and/or barred by applicable arbitration provisions.

WHEREFORE, Defendants LVNV Funding, LLC and Resurgent Capital Services, L.P., pray that this action be dismissed with prejudice and at Plaintiff's costs, and further

that Defendants be awarded its costs and attorneys fees and any other appropriate relief.

Dated: August 1, 2011.

                                                /s/ Ross S. Enders
Ross S. Enders, Esquire
PA Bar No. 89840
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Telephone:  (908) 751-5941
Facsimile:  (908) 751-5944
E-mail:  renders@sessions-law.biz
Attorneys for Defendants,
LVNV Funding, LLC and Resurgent Capital Services, L.P.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 1, 2011, I electronically filed a true and exact copy of the above and foregoing ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Amy L. Bennecoff, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA  19002
(215) 540-8888
kimmel@creditlaw.com
Attorney for Plaintiff

/s/ Ross S. Enders
Ross S. Enders, Esq.
Attorney for Defendants
LVNV Funding, LLC and
Resurgent Capital Services, L.P.